UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LUIS DAVID FLECHA, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-370-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FAYETTE COUNTY DETENTION | ) | |
| CENTER, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Luis Flecha, a pretrial detainee confined at the Fayette County Detention Center ("FCDC"), has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court has granted Flecha *pauper* status by prior Order. The undersigned now reviews the complaint prior to service of process and will dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Flecha alleges that beginning in March 2023 several officials at FCDC interfered with his ability to receive and retain books related to his Bible studies. [*See* Record No. 1 at 5.] More specifically, he asserts that officers in the mail room refused to deliver certain religious materials that had been sent to him. Flecha indicates that he was told that the senders were not

-1-

on an approved list of vendors and that the packages impermissibly contained postage prepaid postcards. [*See* Record No. 1 at 5-7.]

Flecha complained informally to supervisory officials that the mailings did not violate the jail's mail policies, to no avail. *Id*. at 5-6. He further complains that the jail's chaplain declined to help him obtain the books that he sought. *See Id*. at 8-9. In September 2024, several officers participated in a search and "shake-down" of Flecha's cell, allegedly destroying his religious books in the process. [Record No. 1 at 3] Flecha alleges that officers then delayed his filing of a formal grievance about the shakedown. However, once filed, the grievance was denied as untimely. [Record No. 1 at 6-7] Further, another jail official allegedly refused to process Flecha's open records requests regarding these matters because he lacked the funds to pay the applicable fees. [Record No. 1 at 8]

Having thoroughly reviewed the complaint, the Court will dismiss many of the plaintiff's claims but will direct a response regarding the remainder of them. First, Flecha has named FCDC as a defendant. [Record No. 1 at 1] But in this Commonwealth, a county jail or detention center is not a legal entity which may be sued. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (per curiam), *cert. denied*, 502 U.S. 1032 (1992). The Court could construe Flecha's claim against the detention center as asserted against the Fayette County government itself[1]; however, a municipality or county is only liable under § 1983 when its employees cause injury by carrying out the county's formal policies or informal practices. *Franklin v. Franklin Cnty., Kentucky*, 115 F.4th 461, 470 (6th Cir. 2024) (*citing Monell v. Dept. of Social Services*,

---

[1]   *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

436 U.S. 658, 694 (1978)). Therefore, a plaintiff asserting a § 1983 claim against a municipality must identify in his complaint the specific policy or custom which he alleges caused his injury and connect the employee's conduct to that policy. *Gambrel v. Knox Cnty.*, 25 F.4th 391, 408 (6th Cir. 2022); *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014). Flecha does not identify such a county policy or custom, and thus fails to state a claim for relief against the county. *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 698 (6th Cir. 2018).

Flecha also alleges that he complained informally about the mailroom's rejection of his mail to FCDC Deputy Director Hector Joyner and FCDC Major Jacob Crawford, but they took no action. [Record No. 1 at 5, 7] Government officials, however, are liable only for their own misconduct, not that of their subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). To state a viable § 1983 claim against a supervisory official, a plaintiff must establish that the defendant "authorized, approved, or knowingly acquiesced in the unconstitutional conduct ... of his subordinates through the execution of his job functions." *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) (*quoting Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016)). A plaintiff must plausibly allege facts in his complaint showing "active unconstitutional behavior" which goes beyond "a mere failure to act." *Crawford*, 15 F.4th at 761. Further, a mere "attenuated connection" between the injury and the supervisor's allegedly wrongful conduct is not enough. *Peatross*, 818 F.3d at 241.

Here, Flecha complains only that the officers failed to act when presented with a complaint about mail room issues. Such inaction, without more, is not the kind of personal involvement with the underlying conduct required to state a plausible constitutional claim. *Cf. Mann v. Mohr*, 802 F. App'x 871, 876 (6th Cir. 2020); *Reed-Bey v. Pramstaller*, 607 F. App'x

445, 451 (6th Cir. 2015) ("The denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983.") (cleaned up). These claims will also be dismissed.

Next, Flecha contends that jail officials manipulated and disregarded FCDC's inmate grievance policy. He alleges that FCDC Sergeant Harvey Liz Shae Cloyd took unidentified steps to impede his ability to file a grievance about the shakedown of his cell. [Record No. 1 at 7] Flecha further complains that Cloyd denied his grievance challenging FCDC's policy requiring payment of a fee to process his open records request. *See Id*. And he complains that Major Adam Moss ordered a subordinate to deny as untimely his grievance regarding the cell shakedown. [Record No. 1 at 7]

However, merely addressing a grievance does not personally involve the responding officer in the conduct complained of, so "[t]he denial of administrative grievances . . . by prison officials does not subject supervisors to liability under § 1983." *Reed-Bey*, 607 F. App'x at 451. And jail staff's alleged interference with Flecha's efforts to file a grievance fails to state a constitutional claim because there is no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). For these reasons, Flecha's allegations regarding the grievance proceedings fail to state a claim upon which relief may be granted.

Flecha contends that Administrative Specialist Larnasia Brown refused to process his open records request because he lacked the ability to pay the required fees. [Record No. 1 at 8] He indicates that he presses a claim under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552. *See Id*. at 10. However, FOIA applies only to federal, not state, agencies. *See* 5 U.S.C. § 551(1). Flecha therefore fails to state any FOIA claim against Brown.

Flecha also alleges that he spoke with Brown about an unnamed Kentucky statute [Record No. 1 at 8], presumably the Kentucky Open Records Act ("KORA"), KRS § 61.870 *et seq*. The Court liberally construes Flecha's allegations as asserting a claim under KORA. But KORA permits state agencies to require prepayment of a reasonable fee for providing copies of public records. *See* KRS §§ 61.872(3)(b), 61.874(1), (3). Further, KORA expressly provides a dissatisfied records applicant the right to challenge an agency's denial by seeking review from the Kentucky Attorney General (*see* KRS § 61.880(2)), or by filing suit in the appropriate circuit court to enforce its provisions (*see* KRS § 61.882(1)).

Flecha does not allege that he availed himself of either of these avenues for relief. That failure requires dismissal of any claim under KORA without prejudice. *See Dalton v. Haney*, No. 2013-CA-000172-MR, 2014 WL 891026, at *2 (Ky. Ct. App. Mar. 7, 2014). Further, the existence of these adequate state post-deprivation remedies negatives any federal due process violation. *Cf. Violett v. Cohron*, No. 1:15-CV-P142-GNS, 2016 WL 1421200, at *5 (W.D. Ky. Apr. 8, 2016), *aff'd*, No. 16-5484, 2017 WL 8236191 (6th Cir. Jan. 4, 2017).

Flecha asserts that Chaplain John Rhodes would not assist him (and affirmatively hindered him) in receiving the religious books he desired. [Record No. 1 at 8-9] Such allegations are wholly conclusory in nature and fail to provide any facts addressing specifically what Rhodes did or failed to do. This is insufficient because federal notice pleading requires, at a minimum, that a complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Iqbal*, 556 U.S. at 678; *Sampson v.*

*Garrett*, 917 F. 3d 880, 882 (6th Cir. 2019) ("Even a *pro se* prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights. . . .").

The claims against Director Gregory Scott Colvin and Sergeant Dwayne Preston Tyree remain. These claims are better decided upon a more fully developed record, warranting a response from the defendants. Because the Court has granted Flecha *pauper* status, the Clerk's Office and the United States Marshals Service ("USMS") will be directed to serve the defendants on his behalf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

Accordingly, it is hereby **ORDERED** as follows:

1. The claims against the Fayette County Detention Center, Deputy Director Hector Joyner, Major Jacob Crawford, Sergeant Harvey Liz Shae Cloyd, and Major Adam Moss are **DISMISSED** with prejudice.

2. The FOIA and/or § 1983 claims against Administrative Specialist Larnasia Brown are **DISMISSED** with prejudice. Any KORA claims asserted against Brown are **DISMISSED** without prejudice.

3. The claims against Chaplain John Rhodes are **DISMISSED** without prejudice.

4. The Clerk is directed to prepare a "Service Packet" for defendants Director Gregory Scott Colvin and Sergeant Dwayne Preston Tyree. Each Service Packet should include the following materials:

    a. a completed summons form;
    b. the complaint [Record No. 1];
    c. this Order; and
    d. a completed USM Form 285.

5. The Deputy Clerk is directed to deliver the Service Packets to the USMS in Lexington, Kentucky.

-7-

6.      The USMS is directed to arrange with the appropriate officials at the Fayette County Detention Center to personally serve the Service Packets at:

>   Fayette County Detention Center
>   600 Old Frankfort Circle
>   Lexington, KY  40510

Dated: February 4, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky